# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CREATIVE & RESPONSE RESEARCH SERVICES, INC.**<br>*Plaintiff*,<br><br>v.<br><br>**BRAINYAK, INC. D/B/A GUTCHECK**<br>*Defendant*. | Case No.:<br><br>Judge: |

## COMPLAINT

Plaintiff Creative & Response Research Services, Inc. (Plaintiff or "C+R Research"), by its undersigned attorneys, for its complaint against Brainyak, Inc. d/b/a GutCheck (Defendant or "GutCheck") alleges as follows:

## THE PARTIES

1. Plaintiff is an Illinois corporation with a principal place of business at 150 North Michigan Avenue, Chicago, Illinois 60601.

2. On information and belief, Defendant is a Delaware corporation with a principal place of business at 633 17th St, Suite 1300, Denver, Colorado 80202.

## NATURE OF THE ACTION

3. This is an action for (a) infringement of a federally registered trademark in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114, (b) trademark infringement and false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), (c) common law trademark infringement under the laws of Illinois, (d) common law unfair competition under the laws of Illinois, and (e) violation of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

4. For more than three years, C+R Research has used the trademark ILLUMINATOR in connection with its market research services. C+R Research applied to federally register its ILLUMINATOR mark on January 29, 2019 and obtained registration on the Principal Register on September 24, 2019, evidencing C+R Research's *exclusive* right to use the ILLUMINATOR mark in the United States.

5. In September 2020, GutCheck began offering market research services under the AUDIENCE ILLUMINATOR trademark in connection with market research services. In doing so, GutCheck incorporated the entirety of C+R Research's registered trademark, adding only the descriptive element "audience."

6. GutCheck has had constructive notice of C+R Research's ILLUMINATOR trademark rights since January 29, 2019. Upon learning of Gutcheck's infringement, C+R Research wrote to GutCheck and demanded that GutCheck cease using the AUDIENCE ILLUMINATOR mark.

7. Instead of ceasing its infringement, GutCheck has willfully continued to infringe. In fact, since receiving C+R Research's request to cease and desist, GutCheck has actually *expanded* its infringement by launching additional market research services under the mark INNOVATION ILLUMINATOR.

8. Because GutCheck has refused to stop its willful and deliberate infringement, C+R Research was forced to bring this lawsuit to protect its trademark rights.

**JURISDICTION AND VENUE**

9. This action arises, inter alia, under the Lanham Act, 15 U.S.C. §§ 1051 et seq.

10. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338 with respect to the claims arising under federal law and

supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1338(b) with respect to the claims arising under the laws of the state of Illinois. This Court further has jurisdiction under 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy is more than $75,000.

11. This Court has personal jurisdiction over the Defendant because, on information and belief, Defendant regularly conducts business in this district, including by maintaining employees in this judicial district and offering its services in this district, and the conduct that is the subject of the claims in this Complaint occurred in this judicial district. This Court has personal jurisdiction over Defendant because Defendant has committed tortious acts and offered its infringing services in this State and district that are the subjects of the claims set forth herein. On information and belief, Defendant has purposefully availed itself of the privilege of conducting business with residents of this district and has established sufficient minimum contacts with the State of Illinois such that they should reasonably and fairly anticipate being brought into court in Illinois.

12. Venue in this District is proper under 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### Plaintiff's Business and Service Mark

13. C+R Research is an innovative market research company that provides custom research solutions to help brands grow.

14. Since at least as early as January 16, 2018, C+R Research has used its federally registered trademark ILLUMINATOR to identify certain market research services it provides and, through substantial resources and effort, its ILLUMINATOR mark has developed valuable goodwill.

15. C+R Research is the owner of all right, title, and interest in the federally registered trademark ILLUMINATOR for its market research services. The trademark ILLUMINATOR is registered on the Principal Register with the United States Patent & Trademark Office under Registration No. 5,866,488. A copy of the certificate of registration is enclosed as Exhibit A. Current printouts of information from the electronic database records of the USPTO showing the current status and title of this registrations are attached hereto as Exhibit B.

16. C+R Research's registered ILLUMINATOR mark is valid and subsisting and is *prima facie* evidence of C+R Research's exclusive right to use said mark in commerce in connection with the services specified in the registration.

17. C+R Research has given notice of its registered rights in its ILLUMINATOR mark by using the ® symbol in connection with its registered trademark.

18. C+R Research's ILLUMINATOR trademark is distinctive.

**Defendant's Wrongdoing**

19. GutCheck is a market research company. It offers services that are directly competitive to those of C+R Research.

20. Upon information and belief, on or about September 9, 2020, Defendant began offering a market research service under the trademark AUDIENCE ILLUMINATOR. A copy of a press release announcing the AUDIENCE ILLUMINATOR launch from Defendant's website is enclosed as Exhibit C.

21. C+R Research first learned of Defendant's use of AUDIENCE ILLUMINATOR on or about June 7, 2021.

22. On June 15, 2021, C+R Research sent Defendant a letter informing Defendant that its use of AUDIENCE ILLUMINATOR constituted trademark infringement and unfair

competition and was likely to cause consumer confusion with C+R Research's ILLUMINATOR trademark for directly competing services. C+R Research requested that Defendant immediately cease and desist using the mark AUDIENCE ILLUMINATOR.

23. Defendant has refused to cease its infringement. And since receiving C+R Research's letter, Defendant has expanded its infringement by launching a new market research service under the mark INNOVATION ILLUMINATOR. On information and belief, Defendant's use of INNOVATION ILLUMINATOR began on or around August 5, 2021. A copy of a press release announcing the launch of INNOVATION ILLUMINATOR from Defendant's website is enclosed as Exhibit D.

24. Defendant's adoption and use of the mark INNOVATION ILLUMINATOR occurred despite Defendant having actual knowledge of C+R Research's senior trademark rights.

25. Upon learning of Defendant's launch of INNOVATION ILLUMINATOR services, C+R Research demanded that Defendant cease using this mark and all marks incorporating C+R Research's ILLUMINATOR mark. Defendant has refused to cease using AUDIENCE ILLUMINATOR or INNOVATION ILLUMINATOR.

26. Defendant continues to use the infringing AUDIENCE ILLUMINATOR and INNOVATION ILLUMINATOR marks ("the Infringing Marks") in connection with market research services that directly compete with C+R Research's ILLUMINATOR services. Defendant adopted its infringing marks and began to offer competing services using those marks well after C+R Research had established protectable rights in its ILLUMINATOR mark.

27. Defendant has had constructive knowledge of C+R Research's trademark rights since January 2019 and has actually been aware of C+R Research's superior trademark rights since at least June 15, 2021, when C+R Research sent its cease and desist letter. Defendant's decision

to continue to infringe those rights, and in fact to expand its infringing use by launching the INNOVATION ILLUMINATOR services since receiving notice from C+R Research, makes Defendant's infringement willful, intentional, and deliberate.

28. Defendant has acted and continues to act without regard to C+R Research's trademark rights and goodwill in the ILLUMINATOR mark.

29. Defendant's use of the Infringing Marks has always been and continues to be without permission, consent, or authority of C+R Research.

30. Unless these infringing acts by Defendant are restrained by this Court, they will cause irreparable injury to C+R Research, for which there is no adequate remedy at law. If Defendant is permitted to continue, further damage and irreparable injury will be sustained by C+R Research, and others will be encouraged or induced to infringe upon C+R Research's ILLUMINATOR mark. Through such infringement, the value of the ILLUMINATOR mark will be substantially reduced or destroyed, for which C+R Research cannot be adequately compensated at law.

## COUNT I

### Federal Trademark Infringement

31. Plaintiff repeats and reallages Paragraphs 1 – 30 as if fully set forth herein.

32. Defendant's unauthorized use of the Infringing Marks, which are confusingly similar to C+R Research's ILLUMINATOR mark and offered in connection with directly competing services, is likely to result in confusion, deception, or mistake as to the origin, sponsorship, or approval of Defendant's services, and therefore constitutes an infringement of C+R Research's registered trademark in violation of 15 U.S.C. § 1114.

33. By reason of Defendant's bad faith and willful infringement, C+R Research is entitled to recover actual damages, treble damages, an accounting for Defendant's profits, attorney fees, the costs of this litigation pursuant to 15 U.S.C. § 1117, and injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II

### False Designation of Origin

34. Plaintiff repeats and reallages Paragraphs 1 – 33 as if fully set forth herein.

35. The acts of Defendant complained of above constitute unfair competition through use of false designations of origin and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Defendant's unauthorized use of the Infringing Marks constitutes false express and implied representations that the services offered by Defendant originate with, are associated with, and/or are endorsed or allowed by Plaintiff in such a manner as to create a likelihood of confusion among consumers, thereby inducing the belief that Defendant's services are sponsored, approved, or endorsed by Plaintiff.

37. Defendant's infringement is willful and deliberate.

38. C+R Research is entitled to recover actual and treble damages, attorney fees, the costs of this litigation pursuant to 15 U.S.C. § 1117, and injunctive relief pursuant to 15 U.S.C. § 1116.

39. Defendant's acts have irreparably damaged, impaired, and diluted the goodwill Plaintiff has built up in the ILLUMINATOR mark. Plaintiff has suffered and continues to suffer irreparable injury, loss of reputation, and pecuniary damages to be proven at trial. Unless enjoined

by this Court, Defendant will continue these acts, thereby causing Plaintiff further immediate and irreparable harm.

## COUNT III

### Common Law Trademark Infringement

40. Plaintiff repeats and reallages Paragraphs 1 – 39 as if fully set forth herein.

41. C+R Research has used its ILLUMINATOR mark in connection with market research services long before Defendant's first use of the Infringing Marks in connection with its market research services.

42. Defendant's unauthorized use of the Infringing Marks is likely to cause confusion and mistake as to the origin, source, and identity of Defendant's services and C+R Research's services.

43. Defendant's unauthorized use of the Infringing Marks misappropriates and trades upon the reputation and goodwill that C+R Research has established in its ILLUMINATOR trademark.

44. Defendant's acts have and will continue to unjustly enrich Defendant at C+R Research's expense by confusing consumers and others concerning a relationship, including, but not limited to, sponsorship, approval, ownership or affiliation between C+R Research and Defendant.

45. Defendant's use of the Infringing Marks in connection with its market research services constitutes an infringement of C+R Research's common law rights in the ILLUMINATOR mark.

46. As a result of Defendant's conduct, C+R Research has suffered irreparable harm for which there is no adequate remedy at law.

47. As a result of Defendant's conduct, C+R Research has also suffered actual damages in an amount to be determined at the trial of this action.

48. Defendant has engaged and continues to engage in the foregoing infringement knowingly and willfully, so as to justify the assessment of punitive damages against it in an amount to be determined at the trial of this action.

## COUNT V

### Common Law Unfair Competition

49. Plaintiff repeats and reallages Paragraphs 1 – 48 as if fully set forth herein.

50. By engaging in the foregoing acts, Defendant has knowingly engaged in unlawful unfair competition in violation of the common law of the State of Illinois.

51. Defendant's use of the Infringing Marks and any and all other uses of the term ILLUMINATOR further constitute intentional and willful conduct.

52. As a result of Defendant's conduct, C+R Research has suffered irreparable harm for which there is no adequate remedy at law.

53. As a result of Defendant's conduct, C+R Research has also suffered actual damages.

## COUNT IV

### Violation of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2

54. Plaintiff repeats and reallages Paragraphs 1 – 53 as if fully set forth herein.

55. Defendant's unauthorized use of the Infringing Marks has created and will continue to create a likelihood of confusion or misunderstanding as to the source of origin of Defendant's services.

56. Defendant's unauthorized use of the Infringing Marks has created and will continue to create a likelihood of confusion or misunderstanding as to their affiliation, connection, association with, or endorsement by C+R Research.

57. Through its unauthorized use of the Infringing Marks, Defendant misrepresents that its services are sponsored or approved by C+R Research.

58. Defendant's unauthorized use of the Infringing Marks constitutes violations of subsections (2), (3) and (12) of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

59. Defendant's violations of the Uniform Deceptive Trade Practices Act have caused C+R Research irreparable damage, loss and injury for which C+R Research has no adequate remedy at law.

60. Defendant's violations of the Uniform Deceptive Trade Practices Act have also caused C+R Research substantial monetary damage, loss and injury in an amount to be determined at the trial of this action.

61. Defendant has violated and continues to violate the Uniform Deceptive Trade Practices Act knowingly and willfully, so as to justify the assessment of treble damages against it, in an amount to be determined at the trial of this action.

## DEMAND FOR JURY TRIAL

C+R Research hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

A. An order preliminarily and permanently enjoining Defendant, Defendant's officers, agents, employees, attorneys, and all other persons in active concert or participation with any of the foregoing who receive actual notice of the judgment by personal service or otherwise,

from using or employing, directly or indirectly, the service marks AUDIENCE ILLUMINATOR, INNOVATION ILLUMINATOR, or any other mark or trade name confusingly similar to ILLUMINATOR, or that contains the element ILLUMINATOR in any variant form, in connection with the offering or sale of market research services;

  B. An order directing Defendant to file with this Court, within thirty (30) days after entry of any injunction in this case, a written statement, under oath, setting forth in detail the manner in which Defendant has complied with the injunction;

  C. An order directing Defendant to account to Plaintiff for the profits of its infringement;

  D. An award of damages to Plaintiff to which it is entitled under 15 U.S.C. § 1117 for Defendant's past infringement and unfair competition, and any continuing or future infringement and unfair competition, up until the date Defendant is finally and permanently enjoined from further use of the Infringing Marks, including profits of the infringement;

  E. An award to Plaintiff of treble and/or enhanced damages under 15 U.S.C. § 1117, and any other applicable statutes or law for Defendant's willful and intentional infringement;

  F. An award to Plaintiff of pre- and post-judgment interest on its damages;

  G. An award to Plaintiff of its reasonable attorney fees in accordance 15 U.S.C. § 1117(a) and any other applicable statutes or laws, including interest; and

  H. An award to Plaintiff of such other and further relief as this Court deems just and proper.

Dated: September 16, 2021

Respectfully submitted,

By: /s/ Danielle K. Johnson

Robert D. Leighton
Danielle K. Johnson
GOLDBERG KOHN LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois 60603
(312) 201-4000
Firm I.D. 88423
Robert.leighton@goldbergkohn.com
Danielle.johnson@goldbergkohn.com

*Attorneys for Plaintiff Creative & Response Research Services, Inc.*